UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GALE BEEMAN #227048,

           Plaintiff,                                  Hon. Gordon J. Quist

v.                                               Case No. 1:16-cv-27

DANIEL HEYNS, et al.,

           Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Defendants' Motion for Summary Judgment, (ECF No. 18), and Defendant's Motion for Summary Judgment, (ECF No 21).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 18), be **granted in part and denied in part** and Defendant's Motion for Summary Judgment, (ECF No 21), be **granted**.


## BACKGROUND

      Plaintiff initiated this action against the Michigan Legislature, three unidentified individuals, and fourteen named individuals alleging numerous constitutional violations.  (ECF No. 1).  The majority of Plaintiff's claims were dismissed on screening.  (ECF No. 6-7).  Remaining are the following claims: (1) Defendants Ball, Thomas, Miniard, and Bengelink improperly retaliated against Plaintiff; (2) Defendant Bengelink failed to seal Plaintiff's legal mail in Plaintiff's presence; and (3) Defendant Davenport cancelled Plaintiff's psychiatric medications.  The remaining defendants now

move to dismiss Plaintiff's remaining claims, save Plaintiff's mail-related claim against Defendant Bengelink, on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party

"must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative

remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the

-4-

Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*

Defendants have submitted evidence that during the relevant time period, Plaintiff pursued nineteen (19) grievances through all three steps of the grievance process.  (ECF No. 19-3 at PageID.508-18).  Plaintiff has neither asserted nor presented evidence that during the relevant time period he pursued through all three steps of the grievance process any additional grievances.[1] Defendants concede that Grievance ECF 13-10-2727-15b properly exhausts Plaintiff's legal mail claim against Defendant Bengelink.

Defendants assert that none of the remaining eighteen (18) grievances concern the claims remaining in this action.  Plaintiff concedes that of these grievances, the following nine (9) grievances do not concern any of his remaining claims: (1) ECF-14-08-2329-07z; (2) ECF 14-11-3270-08a; (3) ECF 14-09-2634-12c; (4) ECF 14-06-1782-19d; (5) ECF 14-05-1518-28c; (6) ECF 14-05-1519-27b; (7) ECF 13-09-2443-19d; (8) ECF 13-09-2429-28j; and (9) ECF 12-03-0867-28e.  (ECF No. 19-3 at PageID.508-18; ECF No. 23 at PageID.647-55).  Plaintiff contends, however, that the following nine (9) grievances do, in fact, concern the claims remaining in this action: (1) ECF 14-10-3030-14a; (2) ECF 14-03-0943-08g; (3) ECF 13-11-2768-17a; (4) ECF 13-10-2588-17b;(5) ECF 13-09-2444-17c; (6) ECF 13-09-2430-27a; (7) ECF 13-09-2316-27a; (8) ECF 13-08-2171-15b; and (9) ECF 13-08-2103-03b. Each of these nine grievances will be examined below.

_____

[1] Plaintiff has made reference to an additional grievance, ECF 13-08-2140-03f, but there is neither allegation nor evidence that Plaintiff pursued this grievance through all three steps of the grievance process.  (ECF No. 23 at PageID.655, 659-735).

A.    Grievance ECF 14-10-3030-14a

Plaintiff filed this grievance against a Librarian alleging that he was being improperly denied assistance from the Legal Writer Program.  (ECF No. 19-3 at PageID.530).  Aside from Plaintiff's legal mail claim, which Defendants concede is exhausted, Plaintiff's remaining claims are that (1) Defendant Davenport improperly discontinued his psychiatric medications and (2) Defendants Ball, Thomas, Miniard, and Bengelink improperly retaliated against Plaintiff by placing him in administrative segregation as punishment for filing grievances.  (ECF No. 6 at PageID.449-59).  This grievance was not asserted against any of the remaining Defendants and does not concern any of the claims remaining in this matter.  Accordingly, this grievance does not serve to exhaust any of Plaintiff's remaining claims.

B.    Grievance ECF 14-03-0943-08g

Plaintiff filed this grievance alleging that prison officials were not acting in compliance with the Prison Rape Elimination Act.  (ECF No. 19-3 at PageID.561).  This grievance does not concern any of the claims remaining in this matter.  Likewise, Plaintiff does not allege that the offending conduct was undertaken for retaliatory reasons.  Accordingly, this grievance does not serve to exhaust any of Plaintiff's remaining claims.

C.    Grievance ECF 13-11-2768-17a

Plaintiff filed this grievance alleging that Defendant Miniard made a provocative comment to another inmate which Plaintiff interpreted as threatening.  (ECF No. 19-3 at PageID.581).  This grievance does not concern any of the claims remaining in this matter.  Likewise, Plaintiff does not

allege that the offending conduct was undertaken for retaliatory reasons.  Accordingly, this grievance does not serve to exhaust any of Plaintiff's remaining claims.

### D.      Grievance ECF 13-10-2588-17b

Plaintiff filed this grievance alleging that a prison official retaliated against him by filing a falsified Notice of Intent to place him in Administrative Segregation.  (ECF No. 19-3 at PageID.587). Plaintiff does not indicate in his Step I grievance the prison official who allegedly retaliated against him, however, the Grievance Responses indicate that the Notice of Intent in question was issued by Defendant Thomas.  (ECF No. 19-3 at PageID.586, 588).  In his complaint, Plaintiff alleges that Defendant Thomas retaliated against him by filing a falsified Notice of Intent to place him in Administrative Segregation.  (ECF No. 1 at PageID.41-43).  The Court has previously determined that Plaintiff's allegations of retaliation against Defendant Thomas state a claim on which relief may be granted.  This grievance properly exhausts Plaintiff's retaliation claim against Defendant Thomas.

### E.      Grievance ECF 13-09-2444-17c

Plaintiff filed this grievance alleging that prison guards were making humiliating and threatening statements.  (ECF No. 19-3 at PageID.599).  This grievance does not concern any of the claims remaining in this matter.  Likewise, Plaintiff does not allege that the offending conduct was undertaken for retaliatory reasons.  Accordingly, this grievance does not serve to exhaust any of Plaintiff's remaining claims.

F.     Grievance ECF 13-09-2430-27a

Plaintiff filed this grievance alleging that his recent placement in Administrative Segregation was improper because the hearing officer failed to find that he was "unmanageable." (ECF No. 19-3 at PageID.605).  This grievance does not concern any of the claims remaining in this matter.  Likewise, Plaintiff does not allege that the offending conduct was undertaken for retaliatory reasons.  Accordingly, this grievance does not serve to exhaust any of Plaintiff's remaining claims.

G.     Grievance ECF 13-09-2316-27a

Plaintiff filed this grievance alleging that his recent placement in Administrative Segregation was improper because it was based upon "false information."  (ECF No. 19-3 at PageID.615).  This grievance does not concern any of the claims remaining in this matter.  Likewise, Plaintiff does not allege that the offending conduct was undertaken for retaliatory reasons.  Accordingly, this grievance does not serve to exhaust any of Plaintiff's remaining claims.

H.     Grievance ECF 13-08-2171-15b

Plaintiff filed this grievance alleging that a prison official, ARUS Weaver, refused to properly process his outgoing legal mail.  (ECF No. 19-3 at PageID.623-24).  This grievance does not concern any of the claims remaining in this matter.  Likewise, Plaintiff does not allege that the offending conduct was undertaken for retaliatory reasons.  Accordingly, this grievance does not serve to exhaust any of Plaintiff's remaining claims.

I.       Grievance ECF 13-08-2103-03b

Plaintiff filed this grievance alleging that he was placed in Administrative Segregation without due process.  (ECF No. 19-3 at PageID.630).  This grievance does not concern any of the claims remaining in this matter.  Likewise, Plaintiff does not allege that the offending conduct was undertaken for retaliatory reasons.  Accordingly, this grievance does not serve to exhaust any of Plaintiff's remaining claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's remaining claims be dismissed for failure to exhaust administrative remedies, save the following two exceptions: (1) Plaintiff's legal mail claim against Defendant Bengelink and (2) Plaintiff's retaliation claim against Defendant Thomas.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  February 28, 2017                              /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge