UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GALE BEEMAN #227048,

    Plaintiff,                              Hon. Gordon J. Quist

v.                                                Case No. 1:16-cv-27

DANIEL HEYNS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment, (ECF No. 64), and Defendants' Motion for Summary Judgment, (ECF No 67). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendants' motion be **granted**, and this matter **terminated**.

## BACKGROUND

Plaintiff initiated this action against the Michigan Legislature, three unidentified individuals, and fourteen named individuals alleging numerous constitutional violations. (ECF No. 1). The majority of Plaintiff's claims were dismissed on screening. (ECF No. 6-7). The only claims remaining at this juncture are the following: (1) Defendant Thomas improperly retaliated against Plaintiff; and (2) Defendant Bengelink failed to seal Plaintiff's legal mail in Plaintiff's presence thus violating his right of access to the courts. Plaintiff now moves for summary judgment. Defendants Thomas and Bengelink likewise move for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation,

'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." Arnett v. Myers, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." Arnett, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." Hunt v. Cromartie, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Retaliation**

With respect to his claim of retaliation against Defendant Thomas, Plaintiff alleges the following. On August 10, 2013, Plaintiff reported that several prisoners had threatened to attack him. In response, Plaintiff was placed in administrative segregation for his safety. On August 16, 2013, prison officials determined that the threats Plaintiff reported were not legitimate and, moreover, that Plaintiff was attempting to manipulate the system to obtain a transfer. Accordingly, Plaintiff was

ordered to return to his regular unit within the prison. Plaintiff refused and was charged with a misconduct violation for disobeying a direct order. As a result, Plaintiff remained in segregation. Defendant Thomas told Plaintiff that he would be released from segregation if he stopped filing or pursuing grievances.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Defendant Thomas argues that he is entitled to relief because there is no factual dispute with respect to the causation element.

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting

framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).  *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007).  Accordingly, even if Plaintiff demonstrates that his protected conduct "was a motivating factor in the defendant's action," Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity."  *Eby*, 481 F.3d at 441-42.

In support of his motion for summary judgment, Defendant Thomas has submitted an affidavit in which he asserts that he acted to place and maintain Plaintiff in segregation based upon Plaintiff's allegations that his safety would be jeopardized if he was returned to the general prison population.  (ECF No. 68-3 at PageID.1005-08).  Specifically, Thomas asserts that Plaintiff's allegations "indicated that Administrative Segregation was the least restrictive environment he could be housed in so that his protection needs could be met."  (ECF No. 68-3 at PageID.1007). Defendant Thomas further asserts that he "would have taken the same action with any prisoner, regardless of any grievance or any other factor."  (ECF No. 68-3 at PageID.1007).  Plaintiff has presented no evidence to the contrary in either his motion for summary judgment or his response to Defendant's motion.  Accordingly, with respect to Plaintiff's retaliation claim, the undersigned recommends that Defendant Thomas' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

**II.        Denial of Access to the Courts**

With respect to his denial of access to the courts claim, Plaintiff alleges that on several occasions he submitted legal mail to Defendant Bengelink who, rather than seal the mail and process it for delivery, simply left the mail unsealed so that he could later read its contents and share such with other prison officials.  Defendant Bengelink asserts that he is entitled to relief because Plaintiff

cannot establish that he suffered an actual litigation-related injury.

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). To state a claim for denial of access to the courts, a prisoner must allege that he suffered "an actual litigation related injury or legal prejudice because of the actions of the defendants." *Erdman v. Martin*, 52 Fed. Appx. 801, 803 (6th Cir., Dec. 12, 2002) (citing *Casey*, 518 U.S. at 349-51); *see also*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (to state a claim for denial of access to the courts, Plaintiff must allege that he suffered an "actual injury," such as "the late filing of a court document or the dismissal of an otherwise meritorious claim").

In support of his motion for summary judgment, Defendant Bengelink has submitted an affidavit in which he asserts that, "[w]hile I may have skimmed over a piece of correspondence to verify that it qualifies for a postage loan or expedited handling, I did not read prisoner mail." (ECF No. 68-4 at PageID.1022-24). In neither his motion for summary judgment nor his response to Defendant's motion has Plaintiff submitted any evidence to the contrary. Furthermore, Plaintiff has presented no evidence that as a result of Defendant's actions he suffered an actual litigation related injury or any form of legal prejudice. Accordingly, with respect to Plaintiff's claim for denial of access to the courts, the undersigned recommends that Defendant Bengelink's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 64), be **denied**; Defendants' Motion for Summary Judgment, (ECF No 67), be **granted**; and this matter **terminated**.   The undersigned further recommends that appeal of this matter would not be taken in good faith.   *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: January 2, 2018

   /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge