UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GALE MARVIN BEEMAN,

     Plaintiff,

v.                                  Case No. 1:16-CV-27

DANIEL HEYNS, et al.,               HON. GORDON J. QUIST

     Defendants.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

     Plaintiff, Gale Beeman, filed this action against a number of defendants; his only remaining claims are against Defendants Thomas and Bengelink.  Beeman (ECF No. 64) and Thomas and Bengelink (ECF No. 67) filed motions for summary judgment.  On January 2, 2018, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R) recommending that the Court deny Beeman's motion and grant Thomas and Bengelink's motion.  (ECF No. 75.)  Beeman filed an objection to the R & R.  (ECF No. 77.)

     Pursuant to Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection.  Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a petitioner objects.  Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a de novo review of the R & R, Beeman's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R recommended granting Thomas's motion for summary judgment on Beeman's First Amendment retaliation claim. The magistrate judge provided ample legal and factual reasoning to support her recommendation. Beeman relies solely on *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), in arguing that "he has established facts to support a prima facie case of retaliation." (ECF No. 77 at PageID.1062.) *Thomas* was decided at an extremely early stage in the litigation—the district court dismissed the case *sua sponte* even before the sole defendant had been served, thereby distinguishing *Thomas* from the slew of pertinent summary judgment cases, *e.g.*, those cited in the R & R. 481 F.3d at 442. The instant action is currently at the motion for summary judgment stage, so *Thomas* is inapplicable.[1] Beeman's affidavit merely presents conclusory allegations and does not overcome his burden. (ECF No. 78.) The Court will accordingly grant Thomas' motion for summary judgment on the retaliation claim.

The R & R recommended granting Bengelink summary judgment on Beeman's denial of access to the courts claim against Bengelink. In his objection, Beeman only asserts that the magistrate judge mischaracterized his Complaint and that he did not allege a denial of access to the courts claim against Bengelink, but rather a retaliation claim.[2] (ECF No. 77 at PageID.1063.) In an earlier R & R, Magistrate Judge Carmody analyzed Beeman's case for failures to exhaust and concluded that his only surviving claims were his legal mail claim against Bengelink and his retaliation claim against Thomas. (ECF No. 34.) No party filed an objection and the Court adopted the R & R on March 17, 2017.[3] (ECF No. 37.)

---

[1] The Court already determined that Beeman had, as an initial matter, established facts to support a prima facie case of retaliation. (ECF No. 6.) That is not the standard for summary judgment.

[2] Beeman did engage in a substantive argument supporting his denial of access to the courts claim in his response to Thomas and Bengelink's motion. (ECF No. 71 at PageID.1039–40.) He has now reversed course and asserted that it was a retaliation claim all along.

[3] Beeman attempted to file objections about five months later on August 14, 2017, along with a motion for relief from judgment. (ECF Nos. 55, 57.) The Court denied the motion on September 13, 2017. (ECF No. 63.)

Beeman failed to make any specific objection to the R & R's analysis of his denial of access to the courts claim—he merely reasserted a claim that has already been dismissed, *i.e.*, his retaliation claim against Bengelink. Therefore, any objections are deemed waived. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). All the same, having reviewed the R & R, the Court finds no error.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's R & R (ECF No. 75) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objections (ECF No. 77) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 67) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 64) is **DENIED**.

This case is concluded.

A separate judgment will issue.

Dated: March 5, 2018                /s/ Gordon J. Quist
                                     GORDON J. QUIST
                           UNITED STATES DISTRICT JUDGE